C. R. CLIFTON et al. *vs.* GALBRAITH & COOPER, Trustees.

Before a suit instituted by A. can be revived in the name of G. and C., the record must show a state of facts, making it impossible for the original plaintiff to prosecute the suit, and a case proper to be revived in the name of the person seeking the revival.

The record in this case does not show a sufficient state of facts to authorize a revival of the suit in the name of the defendants in error, for it no where appears of record in a proper form, that a judgment of forfeiture had been pronounced against the bank, which was necessary before a revival of the suit in the name of the defendants in error can be allowed.

IN error from the circuit court of Hinds county; Hon. George Coalter, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*Potter*, for plaintiff in error.

*Clifton*, in *propriâ personâ*, on the same side.

*Guion & Baine*, for defendants in error.

Clifton et al. *v.* Galbraith et al.

Mr. Justice FISHER delivered the opinion of the court.

On the 8th of June, 1843, the President, Directors and Company of the Planters Bank of the state of Mississippi, brought suit on a promissory note, made by the plaintiffs in error, and another in the circuit court of Hinds county. The general issue was filed by the defendants at the appearance term, and the cause continued from term to term, till the May term, 1847, when the following order was made: " Ordered, that the above thirteen cases be revived in the name of Galbraith and Cooper, trustees," &c.

On the 12th of July, 1847, a *scire facias* was issued, and placed in the hands of the sheriff, who returned the same executed. At the November term, 1847, the writ of *scire facias* was dismissed, in the language of the court, because the same was improperly issued; whereupon a jury being empanelled, a verdict was rendered for the plaintiffs, and judgment rendered thereon.

Several errors are insisted on to reverse the judgment; but one however can be noticed under the record, and that is, whether the court erred in admitting the defendants in error to become parties as plaintiffs in the court below.

Before a suit can be revived, in the name of another person, the record must show a state of facts, making it impossible for the original plaintiffs to prosecute the suit, and a case proper to be revived. The record in this case shows no such state of facts. It no where appears in the record, (except by the recitals in the *scire facias* which was dismissed,) that a judgment of forfeiture had been pronounced against the bank, which, under any view of the subject, was necessary before a revival of the suit, in the name of the defendants in error, " as trustees, &c." could be allowed. Whether the court can, upon a suggestion and legal proof of a judgment of forfeiture, permit the suit to be revived in the names of the trustees appointed by the court, is a question which we need not decide in this case, as it cannot arise upon the record now before us.

Judgment reversed, and cause remanded.